United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **EVELYN MARIE LEYVA** *as next friend of minors* **A.B.D. AND X.B.D.,** | § § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | CIVIL ACTION NO. 5:21-CV-90 |
| **ZAPATA COUNTY,** | | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

Before the Court for proposed approval is the settlement of the claims of A.B.D. and X.B.D., Minor Plaintiffs. The Court appointed attorney Roderick Lopez as guardian *ad litem* for Minor Plaintiffs. (Dkt. No. 47). A hearing was held on the proposed settlement on March 23, 2023. (Min. Entry Mar. 23, 2023). For the reasons stated below, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to the minor Plaintiffs A.B.D. and X.B.D.

### I. Background

On March 14, 2021, Minor Plaintiffs' father was shot and killed by deputies of the Zapata County Sheriff's Office. (*See, e.g.*, Dkt. Nos. 1; 49). At the time of the fatal shooting, A.B.D. was almost two years old and his mother, Evelyn Marie Leyva ("Leyva"), was six months pregnant with X.B.D. (*See e.g.*, Dkt. Nos. 1; 49; 52-1; 52-3).

### II. Legal Standards

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Advert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and . . . not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

**III. Findings of Fact and Conclusions of Law**

At the March 23, 2023 hearing, the parties presented and discussed their proposed Comprehensive Compromise Settlement and Release Agreement, (Dkt. No. 52-1). The agreement was entered into evidence as Exhibit No. 1 without objection. (Dkt. No. 52; Min. Entry Mar. 23, 2023). A disbursement breakdown of the settlement was also entered into evidence as Exhibit No. 4, without objection. (Dkt. No. 52-4; Min. Entry Mar. 23, 2023). Under the terms of the agreement, Minor Plaintiffs would receive $48,000 minus fees and costs to resolve their claims. (Dkt. Nos. 52-1 at 2; 52-4). Counsel for Minor Plaintiffs would receive as compensation for their services a contingent fee of 33.33%: i.e., $16,000. (Dkt. No. 52-4). An additional $137.74 would be deducted from Minor Plaintiffs' settlement award to cover costs associated with preparing and sending a preservation letter to the Zapata County Sheriff's Office. (*Id.*). Thus, after fees and costs, Minor Plaintiffs would each receive half of $31,862.26—$15,931.13 apiece. (*Id.*).

Under the terms of the proposed settlement agreement, the settlement funds would be used to purchase annuities on behalf of the two Minor Plaintiffs. (*See* Min. Entry Mar. 23, 2023; Dkt. Nos. 49; 50). Specifically, the full $31,862.26 would be assigned from Texas Association of Counties Risk Management Pool ("TACRMP") to MetLife Assignment Company, Inc. ("MetLife"), for the purchase of two specific annuity policies from Metropolitan Tower Life Insurance Company ("Metropolitan"). (Dkt. No. 52-1 at 3–4). The Qualified Assignment and Release Agreement between TACRMP and MetLife was entered into evidence as Exhibit No. 2, without objection. (Dkt. No. 52; Min. Entry Mar. 23, 2023). The annuity plan itself was also entered into evidence as Exhibit No. 3, without objection. (Dkt. No. 52-3). Pursuant to the annuity plan, both Minor Plaintiffs will begin receiving semi-annual payments upon reaching 18 years of age and will continue receiving the semi-annual payments for four years. (Dkt. No. 52-2 at 3; 52-3). X.B.D. will receive slightly larger payments only because—as the younger of the two minor Plaintiffs—his settlement award would accrue interest for a longer period of time before he reaches the age of majority.

Leyva, the Minor Plaintiffs' mother and next friend, testified under oath that the Minor Plaintiffs suffered no physical injuries from the fatal shooting of their father. She further testified that she reviewed the terms of the settlement agreement with her

attorney, that she understands the settlement agreement as it applies to her minor children, that she understands her children are giving up their rights to a trial by settling their claims, that she is satisfied with her attorneys' representation, and that she believes the settlement is in the best interests of the Minor Plaintiffs. Leyva also testified that she elected to not individually receive settlement funds so that there would be more settlement funds to allocate to her children. She asked the Court to approve the settlement and to authorize the use the proceeds to purchase the aforementioned Metropolitan annuity plans through MetLife. (Min. Entry Feb. 13, 2023).

The guardian *ad litem* informed the Court that he reviewed all filings in this case, interviewed Leyva and Plaintiff's counsel, and contacted a financial advisor about structured settlement options as part of his evaluation of the settlement. He advised the Court that there were serious concerns about Plaintiff's ability to prevail on liability should the case proceed to trial. He stated that he believes the settlement to be in the best interests of the Minor Plaintiffs and recommended that the settlement agreement be approved. (*Id.*). The guardian *ad litem* stated that the use of the settlement funds to purchase the specified annuities is in the Minor Plaintiffs' best interests. (*Id.*). The guardian *ad litem* also emphasized the high quality of the annuity plans to be purchased, referencing the affidavit of Dirk Weeks, which was entered into evidence at Exhibit No. 5. (Dkt. No. 52-5). Weeks is the President of Structured Annuities, LLC, which would serve as the insurance co-broker in the purchase of the annuities for Minor Plaintiffs. (*Id.*). Weeks affirmed that Metropolitan has an "A+" rating from A.M. Best Company and an NAIC 1 designation from the National Association of Insurance Commissioners. (*Id.*).

After independent review of the settlement agreement and related documents in evidence, (Dkt. Nos. 52-1–5), and the guardian *ad litem's* report, (Dkt. No. 49), and after thorough consideration of the representations made at the hearing, the Court **FINDS** that the guardian *ad litem's* report is accurate; that the minor Plaintiffs' interests have been properly protected; and that the proposed settlement agreement is fair, reasonable, and in the minor Plaintiffs' best interests. The Court further **FINDS** that the use of the Minor Plaintiffs' funds to purchase the annuities on their behalf, as set forth above, is in the best interests of the Minor Plaintiffs. The Court further **FINDS** that the amount of $2,000.00 is reasonable and necessary to compensate Mr. Lopez for his services as

guardian *ad litem* for the minor Plaintiffs in this matter.

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to the minor Plaintiffs, A.B.D. and X.B.D., thereby **APPROVING** assignment of their settlement proceeds from TACRMP to MetLife for the purchase of Metropolitan annuities on behalf of the Minor Plaintiffs, as specified in the proposed settlement agreement, (Dkt. No. 52-1).

The Court further **RECOMMENDS** that the District Court **DISCHARGE** Mr. Lopez from his duties as guardian *ad litem*. The Court further **RECOMMENDS** that the District Court **ORDER** that Mr. Lopez be paid a fee in the amount of **$2,000.00** as reasonable and necessary fees and expenses incurred by him, to be assessed as taxable costs of court against Defendant.[1]

The Court previously **ORDERED** Defendant to file the parties' proposed agreed final judgment by March 31, 2023. (Min. Entry Mar. 23, 2023).

The Clerk of Court is **DIRECTED** to email a copy of this Report and Recommendation to all counsel of record at their last known email addresses.

**IV. Parties' Waiver of Objections and Request to Adopt this Report**

At the close of the hearings, after this Court announced its findings and recommendations and of the parties' right to object, Minor Plaintiffs and Defendant, through their counsel and guardian *ad litem*, waived their right to object to the proposed findings and recommendations contained in this Report, stated that they had no objection to the Court's findings and recommendations, and requested that the District Court accept the findings and recommendations of this Court. (Min. Entry Mar. 23, 2023). Therefore, the District Court may act on this Report immediately.

**SIGNED** on March 27, 2023.

John A. Kazen
United States Magistrate Judge

---

[1] At the hearing, Defense counsel stated that he was in agreement with a guardian ad litem fee in the amount of $2,000.00. (Min. Entry Mar. 23, 2023).